Henry L. HARRIS, Plaintiff(s),

v.

John E. POTTER, U.S. Postmaster General, Defendant(s).

No. C 05–1286 BZ.

United States District Court,
N.D. California.

April 28, 2006.

Henry L. Harris, Elk Grove, CA, Pro se.

Jonathan Unruh Lee, United States Attorneys Office, Northern District of California, San Francisco, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ZIMMERMAN, United States Magistrate Judge.

Pro se plaintiff Henry Harris, a 61–year–old employee of the United States Postal Service (the "Postal Service"), filed an action against the Postmaster General on December 15, 2000, alleging age discrimination and retaliation (the "2000 action"). Defendant obtained summary judgment on that action. *See Harris v. Potter*, 2002 WL 31298852 (N.D.Cal. Oct. 8, 2002). On March 30, 2005, plaintiff filed this action against the Postmaster General, again alleging age discrimination and retaliation.[1] Defendant has moved for summary judgment on two principal grounds: (1) plaintiff's claims are barred by res judicata or collateral estoppel, given the 2002 summary judgment and (2) plaintiff's claims are barred by failure to file timely administrative claims.[2]

To the extent that plaintiff's amended complaint seeks relief on claims which were resolved by the 2002 summary judgment, including plaintiff's age discrimination claims that defendant failed to select him for promotional positions 99–63 and 00–09 and that defendant retaliated against him by denying him the 00–09 positions, these claims are barred by res judicata. *Despanie v. Henderson*, 2001 WL 253213, at *3 (N.D.Cal. Feb. 28,

---

1. All parties consented on the record before the Honorable Jeffrey White to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).

2. Given the result, I am treating defendant's motion for summary judgment as a motion for summary adjudication pursuant to Rule 56(d). *See also* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2737, p. 464–65 (2d ed.1983).

2001)(citing *In re Imperial Corp. of America,* 92 F.3d 1503, 1506 (9th Cir. 1996))("The doctrine of claim preclusion (res judicata) provides that a final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.") Accordingly, **IT IS ORDERED** that defendant's motion on these claims is **GRANTED.**

With respect to any subsequent claims by plaintiff of age discrimination or retaliation, defendant contends that plaintiff failed timely to pursue and exhaust his administrative remedies. Plaintiff presented evidence, construed favorably to him, that on or about February 21, 2003 he suffered retaliation for his prior complaints of discrimination and that shortly thereafter, perhaps on March 19, 2003, he sought pre-complaint counseling with respect to this retaliation. This counseling request appears to satisfy the requirement under 29 C.F.R. § 1614.105(a)(1) that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." The counseling session appears to have occurred on July 27, 2003. On August 8, 2003 plaintiff filed an Equal Employment Opportunity ("EEO") complaint. Defendant does not claim this filing was untimely. The complaint was ultimately resolved in defendant's favor on January 12, 2005. This suit was filed March 30, 2005. To the extent defendant contends plaintiff failed timely to exhaust his administrative remedies with respect to this retaliation claim,

**IT IS ORDERED** that the motion is **DENIED.**[3]

Plaintiff conceded at the hearing that following the summary judgment on his earlier case, the only administrative procedures he initiated were for the retaliation claim. My independent review of the record confirms there is no evidence that plaintiff initiated the administrative procedure required by 29 C.F.R. § 1614.105 on any age discrimination claims.[4] Therefore, **IT IS ORDERED** that defendant's motion on plaintiff's post–2002 age discrimination claims is **GRANTED.**

For the foregoing reasons, defendant is **GRANTED** summary adjudication on plaintiff's claims which were resolved by the 2002 summary judgment and on plaintiff's age discrimination claims and is **DENIED** summary adjudication on the 2003 retaliation claim.

---

3. Defendant's argument that the 2003 retaliation claim is time barred because it is premised on discrimination complaints that date back to 1997 is not persuasive. Defendant has cited no authority for the proposition that a failure to file a retaliation claim in 1997 somehow precludes a claim for retaliation based on defendant's conduct in 2003.

4. Plaintiff's argument that a pending union arbitration justified his failure to follow ad-

ministrative procedures, for which plaintiff has cited no authority or evidence, does not help him. The arbitration decision is dated May 20, 2004, and plaintiff presented no evidence that he initiated any administrative proceeding, or filed a timely lawsuit, following that decision.

